WILLIAM BUSH et al.

vs.

DAVID P. BUSH et al.

New Castle, Feb. T. 1877.

*Dower; estate in husband requisite to right of; effect of Act in Relation to Intestates' Real Estate.*

1. To entitle a widow to dower in the intestate lands of her husband, he must have had, during the coverture, title or right thereto, legal or equitable, in fee simple.

2. A fee simple in lands is the highest and greatest interest which a person can have therein, and constitutes the entire interest and estate in the land.

3. Under our Act in relation to Intestates' Real Estate, as well as at common law, the husband must be seised of a freehold in possession, and of an estate of immediate inheritance in remainder or reversion, to create a title to dower. The freehold and inheritance must be consolidated and be in the husband *simul et semel* during the marriage, to render the wife dowable.

4. A wife is not dowable in contingent or executory estates of inheritance, where the possession, or right to the possession, never vested in the husband during his lifetime.

5. The object of the Act in Relation to Intestates' Real Estate, so far as it relates to the right of dower, was to give to the widow dower in the equitable estate of her husband, and in this respect to abolish the distinction between the right to curtesy and right to dower.

CLAIM OF DOWER, IN PARTITION PROCEEDING.—The claim of dower in this case by Margaret Bush, widow of George Bush, arises under that portion of the will of Samuel Bush, deceased, which is as follows :

" Item. I give, devise, and bequeath unto my son David Bush, his executors and administrators, the following real and personal property to be held by him and them in trust during the natural life of my beloved daughter Rebecca, the wife of Frederick Leonard, Esq., to wit : My house and lot on the southerly side of Hanover Street, between Walnut and Pop-

lar streets, be the contents thereof more or less, with the improvements and appurtenances, in the borough of Wilmington aforesaid; my house and lot on the westwardly side of Shipley Street between Front and Second streets, in the said borough, be the contents thereof more or less, with the improvements and appurtenances; my house and lot in the said borough on the west side of Orange Street between Front and Second streets, adjoining lands of George Griffin, Peter Johnson, and others, be the contents thereof more or less, with the improvements and appurtenances; my lot of ground in said borough, bounded by Shipley and Water streets, property late of Enoch Moore, and the Christiana Creek, with the improvements and appurtenances; and also my lot of marsh in Holland's Creek Marsh, in the hundred of New Castle and county aforesaid, be the contents thereof more or less, with the improvements and appurtenances; also 30 shares of Wilmington .& Kennett Turnpike stock, and also the sum of $1,000, to be paid by my son George Bush out of my plantation hereinbefore devised to him, subject to the payment thereof; and it is my mind and will that the said trustee, his executors and administrators, after deducting thereout the necessary moneys for repairs and taxes, pay over regularly and half-yearly for the sole and separate use of my said daughter, Rebecca Leonard, during her natural life, as a *feme sole*, without any control or direction whatever of or by her said husband, Frederick Leonard, or the creditors of the said Frederick Leonard, the rents, interest, issues, profits, and incomes of the said real and personal estates so devised and bequeathed in trust as aforesaid; and that my said daughter Rebecca's receipts, signed by her, shall be full discharges therefor. And I do give, devise, and bequeath unto the lawful issues of my said daughter, Rebecca, that shall be living at her decease, all the said real and personal estate, so given, devised, and bequeathed as aforesaid in trust for the separate benefit of her my said daughter, Rebecca, during her natural life,—the real estate in fee simple and principal of personal absolutely; but if my said daughter, Rebecca, shall die with-

5 Del. Ch. 10

out issue to survive her, then and in such case it is my will that all said real and personal estates so devised and bequeathed for the sole benefit of my said daughter, Rebecca, during her natural life, shall go to my two sons David Bush and George Bush, and upon such event I do give, devise, and bequeath the same to them, my said two sons, David and George, their heirs and assigns forever."

The facts are further stated in the opinion.

*John C. Patterson* for claimant.

*Samuel M. Harrington* contra.

THE CHANCELLOR.—George Bush, one of the devisees. named in the will, survived the testator for some years, and died, leaving to survive him a widow, the said Margaret Bush, and several children as his heirs at law, who, or the heirs of whom, are parties to this proceeding. Rebecca Leonard, the daughter of the testator, survived both the testator and the said George Bush many years, but has very recently died, leaving no issue to survive her. George Bush never was in possession, and was never entitled to the possession, during his lifetime, of any of the lands which are the subject of these proceedings. Margaret Bush, his widow, claims dower in the undivided interest or share of the estate above devised, which would have passed, by the terms of the devise, to her husband, had he survived Rebecca Leonard. Her claim is based specially upon the supposed peculiar words of our Act of Assembly entitled, "Intestates' Real Estate;" § 1 of which provides that "when any person having title or right, legal or equitable, to any lands, tenements, or hereditaments in fee simple, shall die intestate as to the same, such lands, tenements, or hereditaments shall descend and pass in fee simple to his kindred in coparcenery, according to the course or order therein mentioned." Among the provisions of said section is this: "If the intestate leave a widow, and also any child or lawful issue of such child, said widow

shall have one third-part of the real estate aforesaid, for the term of her life, as tenant in dower," etc.

Dower, at common law, exists where a man is seised of an estate of inheritance and dies in the lifetime of his wife. In that case she is, at common law, entitled to be endowed for her natural life of the third part of all the lands whereof her husband was seised, either in deed or in law, at any time during the coverture, and of which any issue which she might have had might by possibility have been heir. To the consummation of the title to dower three things are, accordingly, requisite,—marriage, seisin of the husband, and his death. It is necessary that the husband shall be seised at the time of marriage, or during coverture, either in fact or in law. The husband must be seised of a freehold in possession, and of an estate of immediate inheritance in remainder or reversion, to create a title to dower. The freehold and the inheritance must be consolidated, and be in the husband *simul et semel* during the marriage, to render the wife dowable.

If a freehold in a third person intervenes between the husband's freehold for life and the inheritance limited to him after the determination of such intervening freehold, and such intervening freehold does not determine during the coverture, the widow will not be entitled to dower.

If the testator, Samuel Bush, had devised these premises to his son George Bush for life, remainder to his son David Bush in trust for his daughter, Rebecca Leonard, during her natural life, but, in case the said Rebecca should die without issue to survive her, then to the said George in fee, and George had afterwards died leaving Rebecca to survive him, and she had subsequently died without issue to survive her, George's heirs at law would have taken the estate, but his widow would not have been entitled to dower therein, for the reason that George never, at any time during the coverture, had a fee simple in the lands, and never had title or right, legal or equitable, thereto in fee simple. In such case he would have had a legal title and right to the freehold, but not to the immediate inheritance ; and upon the death of Rebecca

without leaving issue to survive her, his heirs would have been entitled to the inheritance under the terms of the will, but his widow would not have been entitled to dower, because at no time during coverture would the freehold and the inheritance have been consolidated and been in him *simul et semel*.

George Bush, the deceased husband, never had any freehold estate in the lands mentioned in these proceedings. That was outstanding in a trustee for the benefit of a *cestui que trust* who survived George Bush many years. He never, during his lifetime, had any present interest in them, and neither he nor his heirs could, by virtue of any devise contained in the will of Samuel Bush, ever have any future interest therein, except upon the contingency of Rebecca Leonard's dying without issue to survive her. Neither the freehold nor the inheritance of these lands, under the terms of Samuel Bush's will, was ever in George Bush, the husband, in his lifetime; only a possibility of becoming entitled to a half of both by the death of Rebecca without issue to survive her, before his own death, which did not occur. Upon her death afterward without leaving issue, the lands passed in common to the heirs at law of the said George Bush and David Bush, by the express terms of the will of Samuel Bush, the testator.

Under our intestate law, to entitle the widow to dower, the husband must have had title or right, legal or equitable, to lands, tenements, or hereditaments in fee simple. What is a fee simple in lands, tenements, or hereditaments? " It is," says Blackstone, " the highest and largest estate " that is capable of being enjoyed. " He that is tenant in fee hath in him the whole of the estate." In illustration of the doctrine of remainders, he says : " If a man seised in fee simple granteth lands to A for twenty years, and, after the determination of the said term, then to B and his heirs forever, here A is tenant for years, remainder to B in fee. In the first place, an estate for years is created or carved out of the fee and given to A, and the residue or remainder of it is given to B.

But both these interests are, in fact, only one estate; the present term of years and the remainder afterwards, when added together, being equal only to one estate in fee. They are, indeed, different parts, but they constitute only one whole; they are carved out of one and the same inheritance; they are both created, and they both subsist together,—the one in possession, the other in expectancy. So if land be granted to A for twenty years, and after the determination of said term, to B for life, and after the determination of B's estate for life, it be limited to C and his heirs forever, this makes A tenant for years, with remainder to B for life, remainder over to C in fee. Now here the estate of inheritance undergoes a division into three portions; there is first A's estate for years, carved out of it, and after that B's estate for life, and then the whole that remains is limited to C and his heirs. And here, also, the first estate and both the remainders for life and in fee are one estate only, being nothing but parts or portions of one entire inheritance; and if there were a hundred remainders it would still be the same thing, upon a principle grounded in mathematical truth, that all the parts are equal and no more than equal to the whole."

" Again," he says, "a particular estate, with all the remainders expectant thereon, is only one fee simple, as £40 is part of £100, and £60 is the remainder of it; wherefore, after a fee simple once vested, there can no more be a remainder limited thereon than, after the whole £100 is appropriated, there can be any residue subsisting."

The testator, Samuel Bush, devised the real estate mentioned in these proceedings to David Bush, his executors and administrators, for his daughter, Rebecca Leonard, in trust during her natural life. This was a devise of the property for life. He then devised the property, after the death of his daughter, to such of her issue as might be living at her death, in fee simple. He thus disposes, for the present, of his whole estate in the premises,— the freehold to David Bush in trust for Rebecca Leonard, and the remainder in fee;

the freehold and remainder, though being separate parts of, yet constituting together the whole estate or the fee simple thereof. The testator, however, provides for a possible contingency,—that of there being no issue of his daughter living at the time of her death; and in that event, and only upon the happening of that contingency, he devises the said real estate to his two sons, David Bush and George Bush, their heirs and assigns forever.

Such a contingent or executory interest has none of the distinguishing qualities of a title or right in fee simple. It is what is denominated a possibility; and although all contingent estates of inheritance, as well as springing and executory uses and possibilities, coupled with an interest, where the person to take is certain, are transmissible by descent, and devisable and assignable, it has never been held that any such interest constitutes title and right to land in fee simple. When the contingent estate of inheritance becomes a vested estate in fee simple in possession, the right to dower then— and then only—becomes possible. Before the contingent interest or possibility in this case, under the will of Samuel Bush, became vested in possession, George Bush died. It could not so vest in him, but vested in his heirs, free from any claim or right to dower by his widow therein.

The Act Relating to Intestates' Real Estate has been on the statute book for forty-nine years, during which time it has never received the construction now sought to be given to it. The design of the Act, so far as it relates to right of dower, was to remedy what was by many, if not generally, considered an unjust discrimination in favor of the husband, by allowing a right to curtesy in equitable estates, and against the wife, by denying a right to dower in such estates. The Act therefore gave a right to dower to the wife in every species of estate in which the husband might be entitled to an estate by the curtesy. It was not designed, by passing that Act,—and such is not the legal effect of the Act,—to destroy any of the previous requisites to an estate in dower, except that which confined it to a legal estate.

For these reasons I decide that Margaret Bush, widow of George Bush, is not entitled to any right of dower in the real estate subject to partition in these proceedings, nor to interest on any of the money which may arise from a sale of the same, under a decree in this cause.